**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| AMAR GUEYE,<br>    Plaintiff, | Case No. 1:13-cv-673 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| UC HEALTH, et al.,<br>    Defendants. | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this action under 42 U.S.C. § 1983 against defendants UC Health, "the Joint Commission," Ace Property and Casualty Insurance and all U.C. Health Insurance Carriers, the U.S. Department of Health and Human Services, and "Obama and Obama Careless." Plaintiff, who is proceeding pro se, brings six causes of action in his complaint, including discrimination, retaliation, defamation, negligent and intentional inflictions of emotional pain, and violations of the Patient Protection and Affordable Care Act (PPACA) and for violations of his rights under the First and Eighth Amendments to the United States Constitution.  For relief, Plaintiff seeks fifteen million dollars in damages. Plaintiff's claims arise out of the medical care he received at University of Cincinnati Hospital.  Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 4).

Upon *sua sponte* review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned Magistrate Judge issued a Report and Recommendation (R&R) that the following claims be dismissed on the ground that Plaintiff has failed to state a claim upon which relief may be granted: (1) Plaintiff's claims against the Joint Commission, Ace Property and Casualty Insurance and all UC Health

Insurance Carriers, the Department of Health and Human Services; and Obama and Obama Careless; and (2) plaintiff's Eighth Amendment and PPACA claims against all defendants. Liberally construed, however, the Court initially found that Plaintiff has stated claims of discrimination and First Amendment retaliation against defendant UC Health. In this regard, Plaintiff alleged that he was denied medical treatment due to his race and religious beliefs and in retaliation for exercising his First Amendment rights. At this stage in the litigation, the Court recommended these claims, as well as Plaintiff's state law claims against UC Health may proceed. (Doc. 6).

Thereafter, Defendant UC Health filed objections to the R&R asserting that the claims against UC Health should also be dismissed.[1] (Doc. 10). Notably, UC Health asserts that it is a private entity, not a state actor. UC Health further argues that Plaintiff has not alleged and cannot demonstrate state action to support his claim that UC Health violated any of his constitutional rights. As such, for the same reasons giving by the Court in recommending dismissal of the other private entities, UC Health should also be dismissed from this case. Furthermore, in the absence of any federal question, UC Health maintains that Plaintiff's pendant state law claims should also be dismissed. Upon review of UC Health's objections, the District Judge, pursuant to Fed.R.Civ.P. 72(b)(3), returned this action to the Magistrate Judge with instructions to file a supplemental R&R analyzing the objections and making recommendations based

---

[1] UC Health's objections further contend that the initial R&R did not specifically address Plaintiff's claims against Defendants "Cincinnati University Hospital", Lee Ann Liska, Dr. Kaufman, Emily Kilgus, Allison Molley and Rosemary Keiser. UC Health asserts that these remaining Defendants consist of private citizens and a private corporation and the claims asserted against them fail for the same reasons as Plaintiff's claims against UC. Although these individuals were listed on the caption of the coversheet, Plaintiff did not name them as Defendants on page 2 of the complaint, and therefore they are not parties to this action.

2

on that analysis. Accordingly, upon further analysis of the objections raised UC Health, the undersigned issues the following supplemental Report and Recommendation.

District courts conducting an initial screening under § 1915(e) must apply the motion to dismiss standard. See, e.g., *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.2010) (applying the standard of review used under Federal Rule of Civil Procedure 12(b)(6) to initial screening reviews conducted under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Federal courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). For a case to survive a screening under § 1915, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the Supreme Court has explained, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

Here, Plaintiff's claims against UC Health are brought pursuant to 42 U.S.C. § 1983, which prohibits a person acting under color of law from depriving someone "of any rights, privileges, or immunities secured by the Constitution and laws. However, upon further inspection, the undersigned finds that Plaintiff's complaint does not allege that

UC Health was acting under color of law when it allegedly harmed the Plaintiff.  In response to UC Health's objections, Plaintiff asserts that because UC Health provides public healthcare and receives government funding it is a state actor for purposes of his § 1983 claims.  (Doc. 11).   However, as noted by UC Health, the Sixth Circuit has held that the receipt of Medicare or Medicaid payments and the fact that a defendant hospital was subject to government regulation is insufficient to establish state action for purposes of supporting a §1983 claim.  *Sarin v Samaritan Health Center*, 813 F.2d 755, 759 (6th Cir. 1987).  In light of the foregoing, the undersigned finds that UC Health's objections are well-taken, as Plaintiff has failed to demonstrate any evidence of state action by UC Health.   Accordingly, Plaintiff's claims against Defendant UC Health should be dismissed.   In light of this finding, the undersigned further recommends that the remaining pendant state law claims should also be dismissed for lack of subject matter jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

For these reasons, it is therefore **RECOMMENDED** that UC Health's objections to the Court's November 18, 2012 Report and Recommendation be **SUSTAINED** and Plaintiff's claims against UC Health be **DISMISSED**.  As no additional issues remain pending, it is further **RECOMMENDED** that this case be **TERMINATED** on the active docket of the Court.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| AMAR GUEYE,<br>    Plaintiff, | Case No. 1:13-cv-673 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| UC HEALTH, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).