IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amar Gueye, :
: Case No. 1:13-cv-673
:
      Plaintiffs, :
:
   v. :
:
U.C. Health, <u>et all.</u>, :
:
      Defendants. :

## O R D E R

    This case is before the Court on Magistrate Judge Bowman's Report and Recommendation dated November 18, 2013 (Doc. No. 6), Defendant U.C. Health's objections (Doc. No. 10) to that Report and Recommendation, Magistrate Judge Bowman's Supplemental Report and Recommendation dated March 26, 2014 (Doc. No.) and Plaintiff Amar Gueye's objections to the Supplemental Report and Recommendation (Doc. No. 21). For the reasons that follow, Defendant UC Health's objections to Magistrate Judge Bowman's first Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**; Plaintiff Amar Gueye's objections to Judge Bowman's Supplement Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART.**

    Plaintiff Amar Gueye, proceeding pro se and <u>in forma pauperis</u>, filed a complaint against Defendants UC Health, the University of Cincinnati Hospital, ACE Property and Casualty, all UC Health Insurance Carriers, "The Joint Commission," the United States Department of Health and Human Service, and "President Obama and Obama

1

Careless" and a number of individual defendants who appear to be employees of UC Health.  Plaintiff's claims generally center around the allegation that UC Health denied him medical treatment because of his race and religion.  He also claims that UC Health retaliated against him for reporting to the media and human rights groups that UC Health planned to conduct medical experiments on him and defamed him by banning him from its premises on the pretext of his alleged "aggressive behavior."  Altogether, Plaintiff asserts claims for "discrimination," "retaliation," "defamation," "violation of Patient Protection and Affordable Care Act," "cruel and unusual torture" and "violations of Section 4.2.1."

Reviewing the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if any of it should be stricken because it is malicious, frivolous, or fails to state a claim for relief, Judge Bowman interpreted the complaint as stating claims against UC Health under 42 U.S.C. § 1983 for discrimination and First Amendment retaliation. Judge Bowman, however, recommended that the remaining claims be dismissed. Plaintiff's Eighth Amendment claim is not viable, Judge Bowman noted, because the complaint fails to indicate that Plaintiff had been adjudicated guilty of a criminal offense at the time of the alleged denial of medical treatment.  Judge Bowman next found that Plaintiff cannot assert § 1983 claims against UC Health's insurance carriers because they are private entities and the complaint fails to show that these defendants acted under color of law.  Finally, Judge Bowman found that there were no facts alleged which supported Plaintiff's claims against the Joint Commission and President Obama for violations of the Affordable Care Act.

Defendant UC Health objected to the Report and Recommendation.  UC Health

argued that it too is a private entity and, therefore, cannot be held liable for claims arising under § 1983.  UC Health also pointed out that Judge Bowman did not address the claims against the individual defendants and argued that they are private citizens who are not amenable to § 1983 claims.

This Court recommitted the case to Judge Bowman for a supplemental report in light of UC Health's objections.  In her supplemental report, Judge Bowman determined that UC Health is a private entity and that, therefore, the requisite state action to prevail on a § 1983 is absent.  Judge Bowman rejected Plaintiff's contention that UC Health's receipt of Medicare and Medicaid funds make it a state actor.  Judge Bowman also determined that Plaintiff failed to name the individual defendants in the body of the complaint and, as a result, they are not parties to the complaint.  Judge Bowman, therefore, recommended dismissing the § 1983 claims against UC Health for failure to state claims for relief and that the pendant state law claims should be dismissed for lack of subject matter jurisdiction.

Plaintiffs objections to Judge Bowman's Supplemental Report and Recommendation are for the most part impertinent, disrespectful, accusatory, irrelevant, and replete with erroneous legal analysis.  The Court in fact agrees with nearly all of Judge Bowman's analysis of the complaint and, therefore, will not repeat all of it again here.

First, Judge Bowman correctly concluded that the complaint fails to state claims for relief under the Eighth Amendment or against UC Health's insurance carriers, the Department of Health and Human Services, President Obama, and the Joint Commission.  Second, Judge Bowman correctly determined that the complaint fails to

allege facts showing a violation of the Affordable Care Act.  Third, Plaintiff's claim for a "violations of Section 4.2.1" is incomprehensible and should be dismissed.  Fourth, Judge Bowman correctly determined that UC Health and the individual defendants are private entities or actors and, therefore, the state action necessary to prevail on a § 1983 claim is absent.  Judge Bowman, therefore, correctly determined that Plaintiff cannot assert § 1983 claims against UC Health and the individual defendants for discrimination and retaliation.

     Construing the complaint liberally, however, as is required when screening claims pursuant § 1915, Garrett v. Belmont County Sheriff's Dept., 374 Fed. Appx. 612, 614 (6th Cir. 2010), the Court concludes that the complaint indicates a claim under Title VI of the Civil Rights Act of 1964 arising of the alleged denial of medical treatment to Plaintiff because of his race and/or national origin.  Title VI provides in relevant part that no person shall be denied the benefits of an activity receiving federal funding on the basis of race or national origin.  Paasewe v. Ohio Arts Council, 74 Fed. Appx. 505, 507 (6th Cir. 2003); 42 U.S.C. § 2000d.  More specifically, hospitals that receive federal Medicaid and Medicare funds are prohibited under Title VI from denying medical services to a person because of his race and/or national origin.  United States v. Baylor Univ. Med. Ctr., 736 F.2d 1039, 1043-47 (5th Cir. 1984).  In this case, Plaintiff's allegations that he was denied medical services because of his race along with statements in his other papers indicating that UC Health receives federal Medicare and Medicaid funding (Doc. No. 11, at 3) is sufficient to allege a Title VI violation for race discrimination against UC Health.  See Garrett, 374 Fed. Appx. at 614 ("Liberal construction of pro se complaints can include additional allegations set forth in

4

objections to the magistrate judge's R&R at the discretion of the district court and this Court.").

The plain language of Title VI, however, does not prohibit religious discrimination. 42 U.S.C. § 2000(d) ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Accordingly, to the extent the complaint could be construed to include a Title VI claim for religious discrimination, the complaint fails to state a claim for relief.

Finally, while Judge Bowman recommended dismissing Plaintiff's defamation claim without prejudice following the dismissal of Plaintiff's federal cause of action, that recommendation is now moot based on the Court's determination that Plaintiff has pled a Title VI cause of action.

In conclusion, therefore, the Court **SUSTAINS** UC Health's objections, and **ADOPTS** the original Report and Recommendation and the Supplemental Report and Recommendation to the extent that the complaint fails to state any claim for relief under 42 U.S.C. § 1983 against any of the Defendants for race discrimination, for retaliation under the First Amendment, and for cruel and unusual treatment under the Eighth Amendment. Additionally, the complaint states no viable claims against President Obama, the Department of Health and Human Services, and the Joint Commission. Similarly there are no viable claims for a violation of the Affordable Care Act or for a violation of Section 4.2.1, whatever that may be. Plaintiff's objections to the contrary are **OVERRULED.** These claims are **DISMISSED WITH PREJUDICE.**

The Court does not adopt the Report and Recommendation or the Supplemental

Report and Recommendation to the extent that neither finds that the complaint states a claim under Title VI based on the allegation that UC Health denied Plaintiff medical services because of his race and/or national origin. To the extent that Plaintiff's objections are consistent with this determination, they are **SUSTAINED.** To the extent that UC Health's objections are to the contrary, they are **OVERRULED.** Finally, the Court does not adopt either report to the extent it recommends dismissing Plaintiff's pendant defamation claim.

  A final note: Plaintiff's papers contain numerous unfounded attacks on Magistrate Judge Bowman's partiality and competence. Particularly baseless are Plaintiff's assertions of racial animus on the part of Judge Bowman. Plaintiff is hereby cautioned that the Court will not tolerate these kinds of abusive attacks on the Court or any of its judicial officers and that if Plaintiff continues to behave in this manner, he will be subject to sanctions, up to and including a finding that he is in contempt of court and dismissal of his remaining claims with prejudice.

  **IT IS SO ORDERED**

Date May 5, 2014            s/Sandra S. Beckwith
                      Sandra S. Beckwith
                  Senior United States District Judge