IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amar Gueye,

        Plaintiff,

    v.

U.C. Health, et all.,

        Defendants.

Case No. 1:13-cv-673

# O R D E R

On September 4, 2014, the Court issued an order (Doc. No. 46) directing Plaintiff Amar Gueye to show case why:

1. He should not be held in contempt of Court for continuing to display disrespectful and contemptuous conduct toward the Court and its judicial officers.

2. His pleadings should not be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as containing "redundant, immaterial, impertinent matter[.]"

3. Judgment should not be entered against him in this matter for violating the Court's order.

4. He should not be declared a vexatious litigator by the Court, subject to certain pre-filing requirements, such as certification by an attorney in good-standing with this Court that the proposed filing is non-frivolous.  Doc. No. 46.  On October 1, 2014, the Court held a hearing on its show cause order, during which Plaintiff was afforded an opportunity to speak and to persuade the Court that he should not be sanctioned as just outlined.  For the reasons that follow, the Court is persuaded that Plaintiff's complaint

must be dismissed with prejudice as a sanction for continuing to display contempt toward the Court and its judicial officers and for engaging in abusive, harassing and vexatious litigation misconduct. Additionally, the Court finds that Plaintiff is a vexatious litigator.

## I. Background

Plaintiff is a proliferate pro se, in forma pauperis litigant in the Court.[1] In this particular case, his complaint, liberally construed, asserts a claim against Defendant UC Health, Inc. for violating Title VI of the Civil Rights of 1964 by denying him medical treatment because of his race and national origin.

On September 24, 2013, Plaintiff filed an application to proceed in forma pauperis in this matter. Doc. No. 1. Before Plaintiff's in forma pauperis application could be ruled on, he filed a motion to recuse Magistrate Judge Bowman from this case. Doc. No. 3. The only ground Plaintiff cited in support of this motion was "past unorthodox and adverse decisions from Judge Bowman." Id. This motion was otherwise unsupported by any facts or relevant, applicable case law.

On November 18, 2013, Judge Bowman granted Plaintiff's in forma pauperis application. Doc. No. 4. In accordance with 28 U.S.C. § 1915(e)(2)(B), Judge Bowman reviewed Plaintiff's complaint to determine whether any of it should be dismissed as being frivolous or malicious, or for failing to state a claim for relief. Doc. No. 6. Although Judge Bowman found that much of the complaint was subject to dismissal, she also found that it stated claims against Defendant UC Health, Inc. for discrimination

---

[1] See infra at 13-14.

and First Amendment retaliation. Judge Bowman's Report and Recommendation inadvertently referred to Plaintiff as a "prisoner" in directing the Marshals Service to serve a copy of the complaint, the summons and other papers on UC Health. Id. at 8; see infra.

On December 4, 2013, Plaintiff filed a second motion for Judge Bowman to recuse from this case. Doc. No. 9. Without any factual support, Plaintiff's motion accused Judge Bowman of "bad faith," "moral turpitude" and "contumacious conduct." Id. at 3. Plaintiff also accused Judge Bowman of having "deeply animus [sic] feelings towards Muslims" due to adverse rulings against him in a prior case. Id. at 6. Plaintiff stated that Judge Bowman has a "racist agenda . . . to defame a proud Black." Id. Plaintiff also took unwarranted offense at the clerical error referring to him as prisoner, claiming that Judge Bowman acted "deliberately and despicably" and that she provided a "hateful and racist misrepresentation of the legal facts in the case[.]" Id. at 9; see also Doc. No. 12 at 2 (order issued by Magistrate Judge Bowman denying Plaintiff's motions to recuse, explaining that "the paragraph in the pending R&R which referred to Plaintiff as a prisoner, was an inadvertent oversight, *i.e.* a typographical error, not an intentional misrepresentation of the facts of this matter").

Plaintiff moved for Judge Bowman's recusal for a third time in January 2014. Doc. No. 16. Plaintiff again failed to assert any basis in fact or law for Judge Bowman to recuse from the case. Id. at 2. Plaintiff also filed a pleading captioned "Writ of Mandamus for Recusal/Joint Notice-Liability of Court WITH INTENT TO IMPEACH." Doc. No. 17. Plaintiff again failed to assert any legitimate basis for Judge Bowman's recusal other than the fact that she had issued adverse rulings against him in the past.

3

On March 26, 2014, on the orders of the undersigned, Judge Bowman issued a Supplemental Report and Recommendation (Doc. No. 19) addressing objections UC Health lodged to her first Report and Recommendation finding that two causes of action survived screening under § 1915(e)(2)(B). The Supplemental Report and Recommendation concluded that the Court should dismiss all of Plaintiff's claims.

On April 7, 2014, Plaintiff filed objections to the Supplemental Report and Recommendation. Doc. No. 21. Plaintiff's objections repeatedly called Judge Bowman "incompetent." Id. at 2. Plaintiff wrote that "the report and recommendation of a prejudice and racist judge is not legally binding" and that Judge Bowman is a "bias, prejudice, and incompetent civil servant [sic]." Id. at 3. Plaintiff continued by assailing Judge Bowman's personal background, legal education, and professional experience. Id. at 3-4. Plaintiff then accused Judge Bowman of lying "shamelessly" and called her an "incompetent legal comedian." Plaintiff then called Judge Bowman "incompetent" and "corrupt, prejudice [sic] and shamefully racist." Id. at 5. Plaintiff closed this pleading by calling Judge Bowman racist and prejudiced several more times and called for her impeachment by Congress on the grounds of "perjury, vicious and malicious defamation, misrepresentation of legal facts, incompetency, and conspiracy against Plaintiff." Id. at 5-8.

It was at this point that the Court, in sustaining in part Plaintiff's objections to Judge Bowman's Supplemental Report and Recommendation, cautioned him about his unfounded attacks on Judge Bowman's impartiality and competence and warned him that further displays of disrespect toward the Court and its judicial officers could result in the imposition of sanctions, including possible dismissal of his complaint with prejudice.

Doc. No. 22, at 6.

Plaintiff then filed a document captioned "PLAINTIFF'S APPEAL FROM THE HONORABLE JUDGE SANDRA S. BECKWITH OF MAY 5, 2014" (Doc. No. 23) which the Clerk of Court docketed as a notice of appeal. The Sixth Circuit Court of Appeals opened a new case under number 14-3478. The Court of Appeals dismissed Plaintiff's appeal in July 2014 for lack of appellate jurisdiction. Doc. No. 32.

UC Health filed its answer to the complaint on May 27, 2014. Doc. No. 24. Despite the fact that the Federal Rules of Civil Procedure do not provide for such a pleading, Plaintiff filed "objections" to UC Health's answer. Doc. No. 25. Plaintiff filed the same pleading again a week later. Doc. No. 27.

A notation order entered by Judge Bowman on May 6, 2014 established June 13, 2014 as the deadline for the parties to file their Rule 26(f) Report. Rule 26(f) of the Federal Rules of Civil Procedure requires the parties to meet and confer to develop a joint discovery plan. Rule 26(f)(2) further provides that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). UC Health filed a one-sided Rule 26(f) report on June 13, 2014. Doc. No. 26. UC Health indicated that the parties had not met and conferred as required based on Plaintiff's position that his notice of appeal divested the Court of subject matter jurisdiction over the case. Trial counsel for UC Health, Mr. Bill Paliobeis, further indicated that Plaintiff had not responded to an email he sent to Plaintiff requesting his cooperation in developing the Rule 26(f) report.

5

Plaintiff then moved for Rule 11 sanctions against UC Health's trial counsel, Mr. Paliobeis.  Doc. No. 28.  The apparent basis for this motion was the fact that Mr. Paliobeis attempted to comply with Judge Bowman's order to put together a Rule 26(f) report while his appeal to the Sixth Circuit was pending.  Plaintiff then filed a "Response to UC Health Defaulted Report of Rule 26(f)."  Doc. No. 29.  In this pleading, Plaintiff denied receiving Mr. Paliobeis's email concerning the Rule 26(f) report and denied that that the district court had jurisdiction over the case.  Plaintiff again accused Judge Bowman of being biased, prejudiced, and racist. Id. at 2.

Mr. Paliobeis responded to Plaintiff's motion for sanctions and summarized the baselessness and frivolousness of this motion as well as other pleadings filed by Plaintiff.  Doc. No. 30.  Mr. Paliobeis also indicated that the email he sent to Plaintiff concerning the Rule 26 report was not returned as being undeliverable.  Plaintiff's reply to this motion accused Mr. Paliobeis of lying about the email and of engaging in unethical conduct.  Plaintiff also accused the Court of conspiring with Mr. Paliobeis to forge "non-existent documents."  Doc. No. 31.   On July 25, 2014, Judge Bowman entered an order overruling Plaintiff's objections to UC Health's answer and denying his motion for sanctions.  Doc. No. 33.

On July 28, 2014, Judge Bowman entered an order (Doc. No. 34) requiring the parties to file their Rule 26(f) report by August 18, 2014.

On August 5, 2014, UC Health filed a motion to deem Plaintiff a vexatious litigator.  Doc. No. 35.  UC Health's motion was based on Plaintiff's history of ad hominem attacks on the Court and defense counsel and his litany of baseless and

6

frivolous motions. UC Health's motion also referenced a pleading entitled "Plaintiff's Response to the Incompetent and Prejudice Magistrate Judge Stephanie K. Bowman's Memo of July 25, 2014," which Mr. Paliobeis characterized as "the most offensive yet." Id. at 3. Plaintiff emailed a copy of this pleading to Mr. Paliobeis on August 4, but had not yet filed it with the Court. Judge Bowman ordered UC Health to supplement its motion by submitting this document to the Court. Doc. No. 36. Plaintiff then filed this document himself on August 13, 2014. Doc. No. 39.

Plaintiff in this pleading remained obsessed with Mr. Paliobeis's first email concerning the Rule 26(f) report. Plaintiff accused Judge Bowman of supporting Mr. Paliobeis's alleged lies concerning this email. Plaintiff referred to Judge Bowman as "the bias [sic] white magistrate judge" and accused her of "protecting the lies of your fellow white attorneys" while "persecuting innocent black Muslims." Id. at 2. Plaintiff wrote that Judge Bowman was "playing legal Ponzi games" and was trying to implement a "racist clause" to deny him justice. Id. Plaintiff called Judge Bowman "incompetent" several other times and disparaged her professional background and experience. Id. at 2-3. Plaintiff then threatened to cause Judge Bowman financial distress, writing that "[a]s long as Stephanie K. Bowman is ready to spend her salaries and 401(k) in legal fees the rest of her life, Stephanie K. Bowman can keep with her calumnious legal Ponzi attacks to implement legal conspiracies and misinterpret the constitution of the United States of America." Id. at 3. Plaintiff closed this document by again calling Judge Bowman incompetent, prejudiced and racist. Id.

The same day, Plaintiff filed a memorandum in response to UC Health's motion to declare him vexatious litigator. Doc. No. 38. Plaintiff continued his ad hominem

7

attacks on Judge Bowman's partiality and competence. Plaintiff also stepped up his attacks on Mr. Paliobeis's integrity and professionalism and sarcastically referred to him as "Palio." There is not enough time to catalog all of the disrespectful and disparaging comments contained in this 11-page document. One lowlight, however - Plaintiff wrote that Judge Bowman is attempting "to rewrite the Constitution of the United States of America to only serve white people and Christians and to segregate and discriminate against innocent Blacks, Muslims, and other minority groups." Id. at 2. Plaintiff accused Judge Bowman and Mr. Paliobeis of conspiring against him. This paper is also filled with irrelevant ramblings about other cases Plaintiff allegedly successfully litigated.

On August 18, 2014, UC Health filed a motion for the Court to dismiss Plaintiff's claims for failure to cooperate in developing a Rule 26(f) report and for continuing his abusive attacks on the Court and counsel. Doc. No. 41. UC Health attached correspondence from Mr. Paliobeis to Plaintiff seeking his cooperation in creating a report in order to comply with the revised deadline of August 18, 2014 established by Judge Bowman. Plaintiff's response to Mr. Paliobeis's email was - in keeping with his established pattern - abusive, harassing, accusatory, threatening and filled with nothing but invective directed at Mr. Paliobeis and Judge Bowman. Doc. No. 41-4.

Plaintiff filed two more papers with the Court on August 21, 2014. Doc. Nos. 42 & 43. The latter document is captioned "PLAINTIFF'S APPEAL OF U.C. HEALTH'S DELIGHTFUL COMIC MOTION OF AUGUST 18, 2014." Again, it would be easier to list what is not disrespectful, rude, harassing, and inappropriate about this document than it would be to recite each insult. In one passage, Plaintiff called Mr. Paliobeis a "pontifical Pimp" and made multiple disparaging comments about Mr. Paliobeis's

8

ancestry and professionalism. Plaintiff once again accused Judge Bowman of racial prejudice, sarcastically suggesting that maybe "Bill Paliobeis has been taught by Madame Magistrate Judge to consider every black man as a criminal[.]" Id. at 4-5. Plaintiff filed what was essentially the same pleading again on September 2, 2014. Doc. No. 45.

It was at this point that the Court ordered Plaintiff to show cause. Doc. No. 44. During the hearing, Plaintiff gave no indication that he was sorry or regretted any of the rude, disrespectful, and contemptuous comments he made about Judge Bowman or Mr. Paliobeis. Indeed, Plaintiff seems to believe that his conduct in litigating this case has been entirely justified. He did say that he was sorry if anyone was offended by his comments, which is really no apology at all. Plaintiff gave no assurances or indications that he would moderate or change his unacceptable conduct going forward. In fact, Plaintiff virtually guaranteed that he would respond in-kind to any perceived slight. It is clear to the Court that Plaintiff is unwilling and unable to reform his behavior, that he is unable and unwilling to display appropriate respect to the Court and to its judicial officers, particularly to Magistrate Judge Bowman, that he is unwilling and unable to accord opposing counsel civility and respect, that he is unable and unwilling to follow the rules of civil procedure, that he is unable and unwilling to cooperate with the Court and counsel in litigating this case in an orderly and efficient manner, and that he is unable and unwilling to refrain from deluging the Court and his opponent with frivolous pleadings.

II. Appropriate Sanctions

The only special consideration to which a pro se litigant is entitled is to have his

9

pleadings construed liberally by the court. Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). That is it. A pro se litigant is not excused from complying with the Federal Rules of Civil Procedure. McNeil v. United States, 508 U.S. 106, 113 (1993); In re G.A.D., Inc., 340 F.3d 331, 335 (6th Cir. 2003). A pro se litigant is not excused from the requirement to show appropriate courtesy and respect to the Court. A pro se litigant is not entitled to make unfounded accusations that a court or judicial officer is biased or prejudiced or to insult the judge's competence. Mayberry v. Pennsylvania, 400 U.S. 455, 462-63 (1971) (pro se litigant may be cited with criminal contempt for denouncing, insulting, and slandering the court); Maus v. Ennis, 513 Fed. Appx. 872, 878 (11th Cir. 2013). A pro se litigant is not excused from the requirement to show appropriate courtesy and respect to opposing counsel. A pro se litigant is not entitled to make unfounded ad hominem attacks on opposing counsel. McKenna v. Nestle Purina PetCare Co., No. C2–05–976, 2011 WL 14418, at *4 (S.D. Ohio Jan. 3, 2011) (Marbley, J.). A pro se litigant is not entitled to abuse the court system and its judicial officers, bombard the court with frivolous pleadings, and harass his opponent. Grider v. Irvin, No. 1:06-CV–53–TBR, 2007 WL 4441214, at *4 (W.D.Ky. Dec.17, 2007).

In this case, Plaintiff is guilty of all of this misconduct. He has violated the Federal Rules of Civil Procedure by not cooperating in developing a discovery plan,[2] by filing frivolous motions for Judge Bowman's recusal, by filing frivolous motions for

---

[2] This is true even crediting Plaintiff's contention that he did not receive Mr. Paliobeis's first email seeking his participation in developing a Rule 26(f) report. Plaintiff definitely received Mr. Paliobeis's August 5 email seeking his cooperation to provide a report by the revised deadline established by Judge Bowman. Clearly at that time, Plaintiff willfully and in bad faith refused to comply with his obligations to assist in developing a joint discovery plan. See supra at 8.

sanctions, and by filing pleadings not provided for by the rules. He has insulted the integrity, impartiality, and competence of the Court and its judicial officers. Particularly insulting are his repeated, unfounded accusations that Judge Bowman bears racial animus against him and other minority groups. Despite the Court's earlier order and admonishment, he has persisted in displaying a contemptuous attitude towards Judge Bowman. He has filed many frivolous pleadings without a basis in fact and law and which contain little but invective against Judge Bowman, the opposing party, and opposing counsel. He has attacked the integrity, professionalism, and competence of opposing counsel.

      The Court has at least two sources of authority to sanction Plaintiff for his misconduct. Rule 11(c)(1) permits a district court to sanction a party for filing any pleading or motion without a good faith basis in law and fact. Plaintiff's frivolous pleadings abound on the record. Doc. Nos. 3, 9, 16, 17, 21, 25, 27, 28, 29, 31, 38, 39, 42, 43. A court also has inherent authority to sanction pro se litigants for engaging in frivolous and harassing litigation conduct, as well as to punish disrespect or contempt for the court. First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 514 & 514 n.11 (6th Cir. 2002)(collecting cases); In re Smothers, 322 F.3d 438, 422 (6th Cir. 2003) (courts have inherent authority to maintain respect and decorum); Mitan v. International Fid. Ins. Co., 23 Fed. Appx. 292, 298 (6th Cir. 2001)("The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses.").

      Sanctions imposed under Rule 11 should be limited to what is needed to deter future misconduct. Rentz v. Dynasty Apparel Ind., Inc., 556 F.3d 389, 400 (6th Cir.

2009). On the other hand, sanctions imposed pursuant to a court's inherent authority are punitive and not limited to what is required to achieve deterrence. Stalley ex rel. United States v. Mountain States Health Alliance, 644 F.3d 349, 352 (6th Cir. 2011). Dismissal of the complaint is considered a sanction of last resort, to be imposed only when lesser sanctions are not feasible. Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir. 1988).

In this case, the Court concludes that dismissal of the complaint with prejudice is the only feasible sanction in light of Plaintiff's misconduct. Plaintiff is proceeding in this case in forma pauperis, so by definition he has no resources to pay any kind of monetary sanction, much less one sufficient to deter him from repeating the same behavior. There does not seem to be a sanction short of dismissal of the complaint that will deter this Plaintiff from repeating the same abusive, contemptuous, and harassing conduct. The Court cautioned Plaintiff once about his conduct and warned him that continuing in this manner could result in dismissal of his claims. Instead of moderating his behavior, however, Plaintiff actually intensified his personal attacks on Judge Bowman and on Mr. Paliobeis. Plaintiff expressed no actual remorse about his conduct during the show cause hearing and, as mentioned above, indicated that he would do the same thing again if he feels the need to. See supra at 9. Finally, Plaintiff is both incapable and unwilling to comply with his obligations under the Federal Rules of Civil Procedure. This is demonstrated most aptly by his bad faith refusal to participate in developing a joint discovery plan but also by the multiple frivolous, vexatious and harassing papers he has filed in this case.

Accordingly, for all of those reasons, Plaintiff's complaint is **DISMISSED WITH**

**PREJUDICE.**

The Court also concludes that Plaintiff is a vexatious litigator and that he will be subject to prefiling restrictions in this district from henceforth. When a litigant abuses the judicial system by repeatedly filing frivolous lawsuits or motions, sanctions are appropriate. Federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. See Chambers v. Nasco, Inc., 501 U.S. 32, 43-45 (1991); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987); see also Iwachiw v. N.Y. State Dept. of Motor Vehicles, 396 F.3d 525, 528 (2nd Cir. 2005); Cauthon v. Rogers, 116 F.3d 1334, 1337 (10th Cir. 1997). While the Court may not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Ortman, 99 F.3d at 811. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, see Filipas, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed in forma pauperis. See, e.g., Reneer v. Sewell, 975 F.2d 258, 260-61 (6th Cir. 1992); Maxberry v. SEC, 879 F.2d 222, 224 (6th Cir. 1989); see also In re McDonald, 489 U.S. 180 (1989).

Including the present case, Plaintiff has filed eleven cases pro se and in forma pauperis in this district in the last ten years.[3] Of these cases, seven were dismissed at

---

[3] The other cases are: Gueye v. Grace, 1:05-CV-35; Gueye v. University of Cincinnati, 1:05-CV-81; Gueye v. Air Born Express, 1:06-CV-39; Gueye v. Bishop,

13

the screening stage for being frivolous or for failure to state a claim for relief, or were later determined to be frivolous.  One case (Gueye v. Bishop) has a report pending recommending dismissal of the complaint at the screening stage for being frivolous or for failing to state a claim for relief.  In this case, although the Court determined that one claim survived screening, much of the complaint was frivolous, particularly in its attempt to sue non-existent and nonsensical entities such as "Obama and Obama Careless" and "the Joint Commission."  Moreover, his conduct in litigating this lawsuit has been harassing and abusive and, in short, intolerable. Plaintiff was previously cautioned about the consequences of persisting in filing vexatious and frivolous lawsuits.  Gueye v. Page Tower, 1:09-CV-385, Doc. No. 36, at 10-12.   He has not heeded that warning.  It is clear to the Court that Plaintiff has abused and will continue to abuse the court system and his in forma pauperis status by filing frivolous and vexatious lawsuits.  Plaintiff's persistent frivolous, vexatious, and harassing lawsuits tax the Court's resources and unfairly impose costs on innocent defendants.  Accordingly, the Court concludes that Plaintiff is a vexatious litigator who must be subject to pre-filing restrictions.  In this regard, Defendant UC Health's motion to declare Plaintiff a vexatious litigator (Doc. No. 35) is well-taken and is **GRANTED.**

It is **ORDERED** that Plaintiff Amar Gueye is **ENJOINED** from filing any future civil actions in the Southern District of Ohio unless the complaint or petition is first certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which

---

1:14-CV-353; Gueye v. Amazon.com, 1:07-CV-1033; Gueye v. Comair Airlines,1:08-CV-246; Gueye v. Media Bridges, 1:08-CV-334; Gueye v. Metro Bus Company, 1:08-CV-618; Gueye v. Page Tower, 1:09-CV-385; Gueye v. Hamilton County Public Library, 1:09-CV-730.

he or she is admitted. The Clerk of Court is **DIRECTED** to reject any complaint from Mr. Gueye unless he complies with the Court's instructions and pays the full filing fee.

The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date October 6, 2014                                                s/Sandra S. Beckwith
                                                                                Sandra S. Beckwith
                                                                    Senior United States District Judge